## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**PEMA SHERPA**                    **CASE NO.  3:25-CV-01718 SEC P**

**VERSUS**                         **JUDGE TERRY A. DOUGHTY**

**JUDITH ALMODOVAR ET AL**         **MAG. JUDGE KAYLA D. MCCLUSKY**

### MEMORANDUM ORDER

Pending before the Court is a Motion to Vacate [Doc. No. 22] filed by Respondents, Judith Almodovar, Melissa Harper, Todd Lyons, Kristi Noem (collectively, "Respondents"), seeking to vacate the order issued by the United States District Court for the Southern District of New York ("SDNY") [Doc. No. 2], which, *inter alia*, enjoined Respondents from removing Petitioner, Pema Sherpa ("Petitioner"), from the United States. Petitioner opposes the motion. [Doc. No. 29]. Respondents filed a reply [Doc. No. 34]. For the following reasons, the Motion is **GRANTED**.

### I.    Background

"In the afternoon of October 31, 2025," the Government transferred Petitioner from a detention facility in the SDNY to a facility in the Western District of Louisiana.[1] Later that day, Petitioner, a detainee in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, in the SDNY. [2]

---

[1] [Doc. No. 2, p. 1].
[2] [Doc. No. 1, p. 1]; [Doc. No. 2, p. 1].

On November 3, 2025, the SDNY enjoined Respondents from removing Petitioner from the United States "unless and until the court order[ed] otherwise."[3] Respondents move this Court to vacate that order, contending that the SDNY "did not have jurisdiction at the time of filing of the Petition or at the time it issued its order because the Petitioner had already been transferred to Louisiana for removal."[4] As noted above, Petitioner opposes the motion, arguing that the SDNY did have subject matter jurisdiction over her petition, that Respondents consented to the order enjoining Petitioner's removal, and that if the SDNY did not enjoy jurisdiction, it also lacked jurisdiction to transfer this proceeding to this Court.[5]

## II.     Law and Analysis

"To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *see also Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001). Here, because Petitioner was detained in this district when she filed her petition, the SDNY lacked jurisdiction over her petition. *See Williams v. United States*, No. 20-10422, 2021 WL 5871878, at *1 (5th Cir. Dec. 10, 2021) ("Because Williams was incarcerated in the federal prison located in Coleman, Florida, at the time of filing, the district court correctly concluded that it lacked jurisdiction over his § 2241 petition."). Accordingly, the SDNY's order is vacated.

---

[3] [Doc. No. 2, p. 1].
[4] [Id. at p. 2].
[5] [Doc. No. 29].

Further, regardless of whether the SDNY lacked subject matter or personal jurisdiction over, respectively, this action or any Respondent, this Court *does* enjoy jurisdiction over this action now, and both the undersigned is not bound by the SDNY's prior order. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted). Thus, this Court need not reach whether the SDNY lacked jurisdiction when Petitioner first filed her petition.

Turning to the injunction in question, federal district courts lack jurisdiction to enjoin respondents from removing petitioners while proceedings like these are pending. Under 8 U.S.C. § 1252(g), this Court lacks jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." *See Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) ("The relief sought by Idokogi in the district court is connected 'directly and immediately' with the Attorney General's decision to commence removal proceedings against him. The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal.") (quoting *Humphries v. Various Federal USINS Employees,* 164 F.3d 936, 943 (5th Cir.1999)); *see generally Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999); *see also Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of

removal under § 1252(g)). Accordingly, the SDNY's order[6] enjoining Petitioner's removal is vacated.

## III.     Conclusion

For the reasons stated above,

Respondents' Motion to Vacate [Doc. No. 22] is **GRANTED**, and the SDNY's Order [Doc. No. 2] is **VACATED**.

MONROE, LOUISIANA, this 15th day of January 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[6] [Doc. No. 2].