# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **PEMA SHERPA** | **CASE NO.  3:25-CV-01718 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JUDITH ALMODOVAR ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Motion for Temporary Restraining Order ("TRO") or Order Enjoining Removal [Doc. No. 44] filed by Petitioner, Pema Sherpa ("Sherpa"). Respondents objected [Doc. No. 45], and Sherpa replied [Doc. No. 46].

Sherpa, a Nepali national, illegally entered the United States in December 2015.[1] Immigration agents immediately detained her, and she told them she feared for her life in Nepal.[2] The agents released her the next day, under an order of supervision, and told her to look out for a notice, scheduling her credible fear interview.[3] No notice came and so, in June 2017, she filed an application for asylum.[4] In June 2025, United States Citizenship and Immigration Service ("USCIS") dismissed Sherpa' asylum application because, they found, she faces expedited removal proceedings, stemming from her initial entry.[5] In October 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Sherpa in New York, and moved her to Richwood Correctional Center in Louisiana, where she remains.[6]

---

[1] [Doc. No. 44-3, p. 2].
[2] [Id.].
[3] [Id.].
[4] [Id.].
[5] [Id.].
[6] [Id. at p. 3].

Sherpa filed a Petition for Writ of Habeas Corpus [Doc. No. 1], and an Amended Petition for Writ of Habeas Corpus ("Amended Habeas Petition") [Doc. No. 13]. On February 10, 2026, the Court dismissed all but one of Sherpa's claims and ordered supplemental briefing on the remaining claim.[7] Both parties complied and that issue is ripe.[8] In between, however, Sherpa notified her attorney that the government moved her to New Jersey and intends to deport her on Wednesday, June 3, 2026.[9] Sherpa filed this Motion arguing the Court should enjoin the government from removing her while these proceedings continue.[10] Respondents argue Sherpa's request should be denied as she has—apparently, for the last couple of years and for the first time in the seven months since this case began—an order of removal. Respondents aver the removal order "was stuck between other older documents."[11] "It is an interesting turn of events." *Learning Res., Inc. v. Trump*, 146 S. Ct. 628, 647 (2026) (Gorsuch, J., concurring).

The All Writs Act, enacted as part of the Judiciary Act of 1789, authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). *Nken v. Holder* expounded that the All Writs Act authorizes courts "to hold an order in abeyance while it assesses the legality of the order has been" determined. 556 U.S. 418, 426 (2009). The Court also holds that "the power to stay proceedings is incidental

---

[7] [Doc. No. 40].
[8] [Doc. Nos. 41–43].
[9] [Doc. No. 46-1].
[10] [Doc. No. 44, p. 1].
[11] [Doc. No. 45, p. 2].

to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Sherpa's Habeas Petition has unresolved claims about her due process rights, relating to her order of removal.[12] Respondents' 11th hour basis for opposing the TRO—presence of a removal order—would moot Sherpa's arguments. *See Oyelude v. Chertoff,* 170 F. App'x 366, 367 & n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted . . . when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231."); *Nyabwa v. Dep't of Homeland Sec. Immigr. & Customs Enf't Field Off. Dir.*, 537 F. App'x 451 (5th Cir. 2013) (same). But due to bureaucratic mismanagement, Respondents only raised the issue now.[13] And the Court does not have sufficient time and information to determine the validity and effects of Respondents' newest arguments and filings. Clearly then, now is the time for the Court to exercise its inherent power over its docket "to control the disposition of" cases within its docket. *Landis*, 299 U.S. at 254.

Accordingly,

**IT IS ORDERED** that Sherpa's Motion for Order Enjoining Removal [Doc. No. 44] is **GRANTED**, and her removal proceeding is **STAYED**, pending further orders of the undersigned. The Motion is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the parties file supplemental briefs on (1) the background and effect, both as to jurisdiction and merits, of the newly discovered

---

[12] *See* [Doc. Nos. 13; 40–43].
[13] *See* [Doc. No. 45, p. 2].

removal order as it relates to the remaining Count of Sherpa's Amended Habeas Petition and (2) Sherpa's avenues for administrative recourse of the removal order. Sherpa's supplemental brief is due on or before Tuesday, June 9, 2026. Respondents' supplemental response is due on or before Friday, June 12, 2026. Sherpa may file a reply on or before Monday, June 15, 2026.

MONROE, LOUISIANA, this 2nd day of June 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE